UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

COLE MARTIN,

Defendant.

No. 2:25-cr-0217 WBS

MEMORANDUM AND ORDER RE: MOTION TO SUPPRESS

----oo0oo----

Defendant Cole Martin moves to suppress evidence seized during the warranted search of the Helen Avenue residence on August 13, 2025. (Mot. to Suppress ("Mot.") (Docket No. 26).) Defendant argues that both the Steagald warrant and the subsequent "rollover" search warrant lacked probable cause and contained "reckless inaccuracies." (Id.)

I. Reasonable Expectation of Privacy

To challenge a search or seizure, a defendant must prove that he had a subjective and reasonable expectation of

privacy in the place searched or thing seized. See United States v. Caymen, 404 F.3d 1196, 1199-1200 (9th Cir. 2005). The government does not dispute that Martin had a reasonable expectation of privacy in the Helen Avenue residence searched here, so the court will assume he has standing to challenge the sufficiency of the affidavits supporting both the original arrest warrant and subsequent roll-over search warrant in this case.

II. Probable Cause

"[P]robable cause is a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). For arrests, probable cause is the "quantum of information . . . which would 'warrant a man of reasonable caution in the belief'" that an offense has been committed. Wong Sun v. United States, 371 U.S. 471, 479 (1963) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)). For searches, probable cause "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." Bufkin v. Collins, 604 U.S. 369, 384 (2025) (quoting Ornelas v. United States, 517 U.S. 690, 696 (1996)). In assessing a warrant's validity, a reviewing court's duty "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (citation and internal punctuation omitted).

A. Steagald Warrant

Judge Dora Rios of the Solano County Superior Court

issued the Steagald warrant based on two probable-cause findings: first, that defendant could be arrested for violating his parole because another arrest warrant was outstanding; and second, that defendant would likely be inside the Helen Avenue residence when the warrant was executed. (Steagald Warrant at 3.)

Regarding the first finding, the affidavit specified that the Solano County Court had previously issued an arrest warrant pursuant to his parole suspension on January 19, 2024. (Id. at 9.) Defendant does not dispute this warrant's existence, nor the probable-cause finding underlying it. Accordingly, the court finds that Judge Rios had a sufficient basis to find probable cause for the arrest-warrant component of the Steagald warrant.

As for the second finding, the affidavit gave Judge Rios several grounds to find probable cause. Parole agents allegedly saw defendant exiting the residence on April 16, 2025. (Id. at 5.) Between April and August of 2025, a neighbor also reported seeing defendant enter and leave the residence on multiple occasions and move garbage cans from the residence's curb. (Id.) Defendant's parole agent allegedly saw defendant's vehicle in the driveway on four occasions, including the day before the warrant's execution. Finally, after viewing defendant's photograph, a neighbor across the street identified defendant by name and confirmed that he lived "across from [her]." (Id.) Taken together, these facts showed that defendant was frequently present at the residence. As such, they provided Judge Rios with a more than substantial basis to find probable cause that defendant would be inside the Helen Avenue residence

when the warrant was executed.

Defendant argues that the neighbors' statements to defendant's parole officer were conclusory and vague. The court rejects this argument. Probable-cause evidence is to be viewed as law-enforcement officers would understand it, not "in terms of library analysis by scholars." Gates, 462 U.S. at 232. Although imprecise, the statements, considered with the affidavit's other allegations, gave Judge Rios a substantial basis to find probable cause.

Defendant also argues that the affidavit relied on stale information. But it contained a photograph of defendant's car in the driveway the day before officers executed the warrant and reported that his parole agent had seen the car there three times during the preceding week. (Steagald Warrant at 5, 7.) These recent, repeated sightings gave Judge Rios a substantial basis to find probable cause that defendant would be present when officers executed the warrant. Accordingly, the court rejects defendant's argument that the Steagald warrant was not supported by probable cause.

B. Rollover Search Warrant

Judge Rios issued the rollover search warrant after parole agents arrested defendant in the residence's living room. The affidavit stated that parole agents saw three incriminating items in plain view while executing the Steagald warrant: a rifle's upper receiver, a firearm magazine, and a digital scale bearing white powdery residue. (Id. at 14.) Additionally, defendant had $1,775 in cash on his person at the time of arrest. (Id.) The affiant sought to search the residence for firearms,

drugs, and related evidence.[1] (Id. at 24.)

Defendant argues that the upper receiver and magazine did not establish probable cause because the other person present during the arrest could have lawfully owned them. Probable cause, however, does not require the issuing judge to eliminate every innocent explanation for the evidence presented in the affidavit. See Gates, 462 U.S. at 243 n.13. The question is whether defendant's relationship with the residence was "significant enough to justify a belief" that the firearms components belonged to him. United States v. Flores, 679 F.2d 173, 175 (9th Cir. 1982).

Here, the Steagald warrant's affidavit (incorporated by reference in the rollover search warrant) connected defendant to the residence through his neighbors' reports and the repeated car sightings. Moreover, agents arrested defendant in the living room after he answered the door. These facts substantially supported an inference that defendant resided there. Additionally, the items' location in the living room -- a common area accessible to all residents -- indicated that defendant, as an apparent resident, possessed the components. Accordingly, Judge Rios had a substantial basis to find probable cause.

Defendant also argues that the scale was not contraband and could have been used for innocent purposes, such as "portion control and dieting." (Reply at 4 (Docket No. 33).) But the

[1] At the hearing on the motion, defendant also argued that the warrant was overbroad because it permitted the search and seizure of defendant's cell phone. However, the government represented that it does not intend to use any evidence from defendant's cell phone in its case-in-chief, rendering defendant's overbreadth argument immaterial.

probable-cause inquiry did not require Judge Rios to rule out that explanation. The common use of such scales for drug distribution, considered alongside the white powdery residue and the large amount of cash on defendant's person, gave Judge Rios a sufficient basis to find probable cause that the residence contained drugs or evidence of drug trafficking.

III. Franks Hearing

To prove a Franks violation, defendant must show that (1) the government intentionally or recklessly made false or misleading statements or omissions in its warrant application and (2) these false or misleading statements or omissions were necessary to a probable-cause finding. See Franks v. Delaware, 438 U.S. 154 (1978); United States v. Perkins, 850 F.3d 1109, 1116 (9th Cir. 2017). If the defendant proves both Franks requirements, the search warrant must be voided and its fruits excluded. Id. "[W]here the defendant makes a substantial preliminary showing" of a Franks violation, "the Fourth Amendment requires that a hearing be held at the defendant's request." Franks, 438 U.S. at 156.

A. Steagald Warrant

Defendant challenges the affidavit's account of an earlier attempt to locate him at the residence. He contends that the affidavit misstated the year of the incident, rendering the information stale. A supplemental arrest report submitted by the government admits that this date was a typo which should have read April 16, 2024, not 2025. (Gov't Ex. C at 2 (Docket No. 36-1).) This error, however, does not warrant a Franks hearing. Defendant provides no evidence or argument that this error was

intentional or reckless, rather than merely negligent. Even if the year were corrected, moreover, the remaining information, including the neighbors' statements and recent vehicle sightings, would sustain Judge Rios' probable-cause finding.

Additionally, the defendant denies that he was the person who fled from agents during the April 16, 2024 incident. Even assuming that this is true, however, excluding this allegation would still have left Judge Rios with a substantial basis to find probable cause for the same reasons as the affidavit's incorrect date. Accordingly, this contention does not warrant a Franks hearing either.

Defendant also claims that the vehicle reportedly seen in the driveway no longer belonged to him. He asserts that Department of Motor Vehicles records would have shown that he sold the vehicle in 2023 to a person who then registered it at the residence. He further speculates that law enforcement conducted such a records search but omitted the results from the affidavit. Defendant also claims that he told his parole officer that he did not have a car in 2023.

Defendant's allegation that law enforcement conducted such a search is speculative. Adding the alleged records, moreover, would not defeat probable cause. Regardless of the registered owner, the affidavit alleged that parole agents and a neighbor had seen defendant driving the vehicle, and the Strategic Offender Management System had identified it as defendant's vehicle.

B. Rollover Search Warrant

Defendant denies that he opened the door or attempted

to evade arrest during the Steagald warrant's execution. He provides security camera footage which he claims does not show him answering the door. He thus argues that the affidavit falsely alleged flight and that this allegation was essential Judge Rios' probable-cause finding.

This contention fails. First, the security camera footage does not show the front door and lacks audio, making it impossible to tell whether defendant answered the door before agents broke it down. Second, even if defendant's account were correct, excising all references to defendant opening the door or withdrawing into the residence would still leave the affidavit's central facts unchanged: agents entered under the Steagald warrant, arrested defendant in the living room, found $1,775 on his person, and saw a rifle upper receiver, a firearm magazine, and a digital scale bearing white powdery residue. For the reasons discussed above, those observations established probable cause.

In all, defendant has not made the preliminary showing necessary for a Franks hearing. Accordingly, the court will deny defendant's request for a Franks hearing.

IV. Good Faith

Even assuming defendant's Fourth Amendment rights were violated, the good-faith exception would preclude suppression. Evidence obtained in objectively reasonable reliance on a warrant generally remains admissible when the warrant is later found defective. See United States v. Leon, 468 U.S. 897 (1984).

While it recognized that each inquiry would be fact-specific, Leon listed four situations in which reliance on an

invalidated warrant could not be deemed to be in good faith: (1) the affiant knowingly or recklessly misleads the magistrate with false information or material omissions; (2) the magistrate "wholly abandoned his judicial role;" (3) the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the warrant itself is facially deficient. Id. at 923; see id. at 922 n.23.

None of the four circumstances is present here, and the showing made to issuing the magistrate establish at least a colorable argument for probable cause. See United States v. Luong, 470 F.3d 898, 903 (9th Cir. 2006). Accordingly, the officers reasonably relied on the warrant, and the court finds that the good-faith exception would apply even if the warrants were otherwise defective.

IT IS THEREFORE ORDERED that defendant's motion to suppress (Docket No. 26) be, and the same hereby is, DENIED.

Dated: September 1, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE