ERIC GRANT
United States Attorney
NICOLE M. VANEK
JASON HITT
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

COLE MARTIN,

Defendant.

CASE NO. 2:25-CR-00217-WBS

STIPULATION CONTINUING THE TRIAL DATE AND EXCLUDING TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record Assistant United States Attorneys Nicole M. Vanek and Jason Hitt, and defendant Cole Martin, by and through defendant's counsel of record, Assistant Federal Defender Douglas Beevers, hereby stipulate as follows:

1. By previous order, this matter was set for trial on September 29, 2026, at 9:00 a.m. ECF 23.

2. By this stipulation, the parties now move to vacate the trial date and set the matter for trial on **November 3, 2026, at 9:00 a.m.** and a trial confirmation hearing on **October 5, 2026, at 10:00 a.m.**, and to exclude time between September 14, 2026, and November 3, 2026, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes investigative reports, photographs, search warrant affidavits, and voluminous jailhouse

recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for the defendant desires additional time because defense counsel has drafted and desires to file a motion to reconsider the Court's Order denying the defendant's motion to suppress evidence. *See* ECF 37. In addition, the defendant himself has prepared a handwritten motion to reconsider that is approximately 42 pages long. With the current trial date of September 29, it is not feasible for the government to adequately prepare and respond to any such motions while simultaneously preparing for trial. In addition, additional motions being filed now would not provide the Court with adequate time to consider any legal issues raised by the as-yet-unfiled motions. As a result, the parties desire to continue the current trial date to November 3 and fully brief any remaining legal issues raised by the defendant while not interfering with the government's ability to prepare for trial.

c) Since the time of the hearing on the motion to suppress in this case, the government has clarified for the defendant that it does intend to introduce evidence of firearm possession extracted from phones seized during the defendant's arrest in this case. This evidence is distinct from the drug trafficking evidence discussed during the suppression hearing. The government believes such firearm-related evidence is relevant and probative to demonstrate the defendant's knowing possession of the charged firearms in this case and to rebut an anticipated defense that the firearms belonged to someone else. In light of the government's clarification on the phone evidence, the defendant may seek to file a motion to suppress evidence extracted from his phones. The current trial date does not provide adequate time for the parties or the Court to evaluate or analyze any legal issues being raised by way of motion practice. A trial date of November 3 will give the parties adequate time to set a briefing schedule and the Court to decide any issues raised by the motions.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 14, 2026, to November 3, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

h) In addition, if the defendant files any additional motions, time will be excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D) [Local Code E] because time is excluded while a motion is pending until its disposition by the Court.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 14, 2026

ERIC GRANT
United States Attorney

/s/ *Jason Hitt*
NICOLE M. VANEK
JASON HITT
Assistant United States Attorneys

Dated: September 14, 2026

/s/ *Doug Beevers*
DOUGLAS BEEVERS
Assistant Federal Defender
Counsel for Defendant
COLE MARTIN

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: September 14, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE