UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

COLE MARTIN,

Defendant.

No. 2:25-cr-0217 WBS

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

----oo0oo----

Defendant requests reconsideration of this court's denial of his motion to suppress evidence. (Mot. (Docket No. 42).)

Defendant argues this court erred by not requiring a Franks hearing regarding the incorrect date on the Steagald warrant's affidavit. (Id. at 2.) He contends that live testimony from the affiant is needed to test the credibility of their explanation that the error was accidental. (Id.)

As this court found in its order denying defendant's

motion to suppress, however, the affiant's error was inconsequential. (Docket No. 37 at 7.) The rest of the affidavit gave the issuing judge a substantial basis to find probable cause. (Id.) Whether the error was accidental is therefore inapposite.

Defendant also contends that the purported error regarding his ownership of the vehicle in the driveway also warranted a Franks hearing. Again, the affidavit provided independent grounds to conclude that defendant possessed the vehicle: "parole agents and a neighbor had seen defendant driving the vehicle, and the Strategic Offender Management System had identified it as defendant's vehicle." (Id. at 7.) These details supported probable cause that defendant resided at the residence, regardless of whether he formally owned the vehicle.

Next, defendant argues that this court erred in denying a Franks hearing because the video of the Steagald warrant's execution shows that the affiant "did not tell the truth about whether she knocked and waited before breaking down the door." (Mot. at 2.) Here, too, this court previously found the alleged falsehood inapposite. (Docket No. 37 at 8.) Defendant provides no compelling reason for the court to disturb that finding. Moreover, it is well-established that a knock-and-announce violation will not support evidence suppression. E.g., Hudson v. Michigan, 547 U.S. 586, 591 (2006). Accordingly, this argument also fails.

Defendant also contends that the video shows officers entering and exiting the residence after they removed defendant and the other resident, but before the rollover search warrant

issued. (Mot. at 3-4.) He argues that these entries show that officers continued searching after completing the protective sweep. (Id. at 4.)

Even assuming that the officers exceeded the protective-sweep doctrine, however, defendant's argument fails. Under the independent-source doctrine, suppression is not required "[s]o long as a later, lawful seizure is genuinely independent of an earlier, tainted one." See Murray v. United States, 487 U.S. 533, 542 (1988). To establish this independence, "the Government must show 'that no information gained' from the Fourth Amendment violations 'affected either [1] the law enforcement officers' decision to seek a warrant or [2] the magistrate's decision to grant it.'" United States v. Saelee, 51 F.4th 327, 335 (9th Cir. 2022) (quoting Murray, 487 U.S. at 539–40).

The court finds that officers would have sought the rollover search warrant regardless of anything they observed during the subsequent entries. Any reasonable officer would have sought such a warrant after observing firearm parts, a scale coated in white powdery residue, and a defendant's possession of $1,775 in cash. Nothing in the record suggests that the subsequent entries prompted that decision. See United States v. Mulder, 889 F.2d 239, 241 (9th Cir. 1989) (inferring from officers' plain-view observations that they would have sought a warrant anyway); United States v. Silva, 554 F.3d 13, 19 (1st Cir. 2009) (finding that "[e]ven after excising [the inadmissible evidence], ample evidence remained . . . such that a reasonable officer would seek a warrant considering the totality of the

circumstances"); United States v. Price, 558 F.3d 270, 282 (3d Cir. 2009) (similar).

Moreover, the court finds that Judge Rios' decision to grant the warrant was not affected by information gained from the subsequent entries. The warrant application relied exclusively on plain-view observations during the defendant's living-room arrest, not on what officers may have observed during their subsequent entries. Defendant does not dispute that this evidence was in plain view at the time of arrest. Both the decision to seek the warrant and Judge Rios' decision to grant it, therefore, were independent of information gained from the subsequent entries. Accordingly, suppression is unwarranted.

Defendant also submits a series of pro se motions. (Mot. Ex. A (Docket No 42-1); Mot. Ex. B (Docket No. 42-2).) Defendant has no right to "hybrid" representation, and the court declines to permit him to proceed pro se while represented by counsel. United States v. Olano, 62 F.3d 1180, 1193 (9th Cir. 1995); see United States v. Williams, 791 F.2d 1383, 1389 (9th Cir. 1986) (placing hybrid representation "within the sound discretion of the judge").

The court has nevertheless reviewed defendant's motions. They add nothing of substance to the arguments previously raised by counsel and provide no persuasive basis for this court to revisit its prior ruling.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Docket No. 42) be, and the same hereby is, DENIED.

Dated: October 5, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE